RENDERED: OCTOBER 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0874-MR

TYRONE WILLIAMS                                                  APPELLANT

v.          APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 24-CR-00268

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE: Tyrone Williams ("Williams") appeals from the Henderson
Circuit Court's judgment sentencing him to seven years of imprisonment for
trafficking in marijuana (more than eight ounces, less than five pounds), first-
degree trafficking in a controlled substance (methamphetamine), second-degree
trafficking in a controlled substance (hallucinogens), possession of a handgun by a
convicted felon, and two counts of wanton endangerment. On appeal, he

challenges the court's denial of his motion to suppress evidence, reserved by his conditional guilty plea.  Finding no error, we affirm.

## BACKGROUND

On July 12, 2023, law enforcement in Evansville, Indiana, received a tip from a FedEx employee about a suspicious package with the odor of marijuana. The package was addressed to "Tonya Williams" at 24 North Adams Street, Henderson, Kentucky.  Officers responded to the FedEx facility, and the package was placed in a lineup of five to six similar packages and subjected to a dog sniff. The dog alerted to the package, and the officers applied for a search warrant.

Detective Brent Persinger of the Vanderburgh County Joint Drug Task Force signed the affidavit for the search warrant.  According to the affidavit,

> I [Detective Persinger] was advised by the local carrier service (FedEx) that they had discovered a suspicious package in their facility located at 6530 Interchange Rd N Evansville, Indiana.  Employees from FedEx notified the office of the Evansville-Vanderburgh County Drug Taks Force (EVCDTF).   Sgt. South and I arrived at the facility at approximately 1003 hours.  While I placed my certified K9 partner King on a 6ft lead, Sgt. South arranged several boxes with similar dimensions, including the suspicious package, in a row and placed them approximately 5 feet apart.  I then entered the facility with my K9 partner and commanded him to search for narcotics.  When King arrived at the suspicious package, he gave a positive alert to the odor of illegal narcotics.  Sgt. South collected and transported the box to the office of the Evansville-Vanderburgh County Drug Task Force.  My K9 partner King completed

training with the Top Dogs Canine Academy and certified on June 27th, 2023.

The warrant was granted, and a search of the package revealed three vacuum-sealed bags of marijuana. The package was then transferred to the Henderson Police Department, which executed a controlled delivery to 24 North Adams Street. Once the package was retrieved, officers obtained and executed a search warrant, leading to Williams' arrest.

Williams moved to suppress the evidence obtained from the search of his residence, contending that the Indiana search warrant was not supported by probable cause. Because the Indiana search warrant was invalid, he argued, evidence obtained from the search of his residence should be suppressed as "fruit of the poisonous tree." Following a suppression hearing, the circuit court denied the motion. This appeal followed.

## STANDARD OF REVIEW

Our standard of review on appeal is whether the circuit court correctly determined that the warrant-issuing judge had a substantial basis for concluding that probable cause existed. *Commonwealth v. Pride*, 302 S.W.3d 43, 49 (Ky. 2010) (citing *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331, 76 L. Ed. 2d 527 (1983)). We look at the "four corners of the affidavit and not extrinsic evidence in analyzing the warrant-issuing judge's conclusion." *Id.* (citation omitted). Further, as a reviewing court, we "must give great deference to the

warrant-issuing judge's decision." *Id.* (citing *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331.).

## ANALYSIS

Williams' primary argument on appeal is that the Indiana search warrant was not supported by probable cause. However, he also appears to argue that the police lacked reasonable suspicion to detain the package and perform a dog sniff. To the extent Williams is challenging the seizure of the package, we find that issue unpreserved and decline to review it. Williams never argued to the circuit court that police lacked reasonable suspicion to detain the package in Indiana. "When such an argument is not addressed within a suppression hearing, the issue is not reviewable on appeal." *Bitter v. Commonwealth*, 701 S.W.3d 447, 452 (Ky. 2024) (citation omitted); *see also Gasaway v. Commonwealth*, 671 S.W.3d 298, 315 (Ky. 2023) (declining to consider the issue of whether Section 10 of the Kentucky Constitution provides greater protection than the Fourth Amendment against unreasonable searches and seizures because it was not raised to the trial court and was a "discrete legal issue[]" from the one presented to the trial court: whether a search was reasonable under the Fourth Amendment).

The Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution protect against unreasonable searches and seizures. *Whitlow v. Commonwealth*, 575 S.W.3d 663, 669 (Ky. 2019) (citations

omitted).  A search is reasonable if it is supported by a valid search warrant. *Commonwealth v. McCarthy*, 628 S.W.3d 18, 29 (Ky. 2021) (citation omitted). For a warrant to be valid, it must be (1) based on probable cause, (2) supported by a sworn affidavit, and (3) contain a particular description of the place to be searched or the items to be seized.  *Whitlow*, 575 S.W.3d at 669 (citation omitted).

Here, Williams argues the warrant was invalid because it was not supported by probable cause.  "[P]robable cause is a practical, commonsense decision that given all the circumstances set forth in the affidavit there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Minks v. Commonwealth*, 427 S.W.3d 802, 810 (Ky. 2014) (internal quotation marks omitted) (citing *Gates*, 462 U.S. at 238, 103 S.Ct. at 2331).  We believe the facts contained in Detective Persinger's affidavit clearly demonstrate a fair probability that drugs would be found in the package.[1]

According to the affidavit, Detective Persinger was contacted by FedEx employees about a suspicious package at their facility.  Upon arrival, he stayed outside with his K9 partner while Sergeant South arranged several boxes with similar dimensions in a lineup inside the facility.  A dog sniff was conducted,

---

[1] Because Williams only challenges the first search warrant, our review is limited to whether there was probable cause to search the package, not his residence.

and the K9 alerted on the suspicious package to the odor of illegal narcotics. The affidavit further sets forth the drug dog's training and certification.

Williams faults the affidavit for omitting the detail that FedEx employees said the package smelled of marijuana. However, the positive alert by the K9 to the odor of illegal narcotics, a detail included in the affidavit, was itself sufficient to establish probable cause for the warrant to issue. *See United States v. Diaz*, 25 F.3d 392, 393-94 (6th Cir. 1994) ("A positive indication by a properly-trained dog is sufficient to establish probable cause for the presence of a controlled substance."). The circuit court's denial of Williams' suppression motion was proper.

## CONCLUSION

Accordingly, the Henderson Circuit Court's Judgment is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Molly Mattingly
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky